McCORMICK v. MOORE—McCORMACK
LINES, Inc.

KENNEDY v. SAME.

BROADBENT v. SAME.

BRIERLY v. A. H. BULL S. S. CO.

Civil Actions Nos. 2830, 3041, 3049, 3036.

District Court, E. D. Pennsylvania.

Nov. 1, 1943.

Gerald A. Gleeson, U. S. Dist. Atty., and J. Barton Rettew, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., and Edward L. Smith, Atty., Dept. of Justice, of Washington, D. C., for plaintiffs.

Freedman & Goldstein, of Philadelphia, Pa., and Abraham E. Friedman, of Philadelphia, Pa., for defendants.

GANEY, District Judge.

These cases all involve motions for summary judgments and are disposed of herewith in one opinion, since they involve the same questions of law in each instance and since they were all argued together and discussed together in the briefs submitted.

In the McCormick and Kennedy cases, the action is brought by the complainants to recover for personal injuries allegedly sustained by them during the month of June, 1943, while aboard the SS Morma-

crey in the course of a voyage to ———— and for war risk insurance benefits. In the Broadbent case above, the action is for personal injuries sustained on ———— aboard the SS Mormacsul, as well as for war risk insurance benefits. The injuries were all sustained while the vessels were subject to enemy aircraft action and resulted, in the McCormick case in a nervous breakdown occasioned by the enemy shelling, and in the Kennedy and Broadbent cases from slipping on greasy and oily substances which were on the deck as a result of the aircraft bombardment. In the three cases, as has been indicated, there is a cause of action for personal injuries sustained, another for maintenance and cure and also for war risk insurance benefits in each.

The motions for summary judgments in all of the cases are predicated on the position that the defendant did not own or operate the vessels, at the time of the alleged injuries to the various persons, but that it was merely the vessels' agent; that the plaintiffs' cause of action, if any, is against the United States, which was the owner of the vessels. Further, that a policy of crew war risk insurance was issued by the United States and that any cause of action which any of the plaintiffs may have, for war risk insurance benefits, should be against the United States and not against the defendant.

The defendants make these contentions, by reason of the fact that the vessels were under bareboat charter to the Moore-McCormack Lines from February 11, 1942, and that on March 22, 1942, the bareboat charter was cancelled by an agency agreement which was entered into between the United States Government and the Moore-McCormack Lines, which purported to be retroactive with respect to all bareboat charters between it and the United States, to October 19, 1941. It is urged therefore that by reason of the agency agreement of March 22, 1942, the defendants were merely the vessels' agents acting on behalf of the government through the War Shipping Administration under the terms and conditions of the general agency agreement. Further under the bareboat charter arrangement, there was no provision in it, by the United States to indemnify the defendants, while under the general agency agreement there was such a provision and since it was retroactive to October 19, 1941, it is binding upon the plaintiffs, and accordingly any judgment rendered against the defendants, would in effect be a judgment against the United States.

With respect to the contention for war risk insurance benefits, the point is made that the plaintiffs can only resort to suit against the United States Government under the policy issued by it and that since the government issued the policy no liability can accrue to the defendants.

 It seems to me the Kennedy, Broadbent and McCormick cases call for very little discussion, since they are ruled by the case of Brady v. Roosevelt Steamship Company, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. Here it was definitely held that an agent of a vessel operating it on behalf of the United States, could be held liable for personal injuries if such injuries were caused or contributed by, any fault or negligence of the agent—that the agent because he is agent, does not cease to be answerable for his acts. Accordingly, if we assume the best phase of the defendants' contention that the general agency agreement of March 22, 1942, was retroactive and binding on these plaintiffs the same situation is presented as was presented in the Brady case, supra, and the mere fact that the government was to indemnify the defendant, and might ultimately be called upon to pay a judgment rendered against them is no reason, as the court stated, to deny the plaintiffs' right to bring suit. The contention of the defendants, that the Brady case, supra, is limited only to instances where under the pleadings it could be established that an agent had notice of a dangerous condition, and was thereafter under a duty, not alone to its principal, but to all persons using the vessel, to remedy the condition before it caused harm, is without merit, as the court deals at length with the liability of a private operator for its torts as agent, and concludes that if the Congress had intended to make any inroads on the rights of claimants in instances such as this, it would have so stated in unambiguous terms.

 The contention by the defendants in all of the cases with respect to war risk insurance benefits that suit lies on the policy of insurance not against the agent but against the insurer and that statutory provision is made for actions to resolve disputes under such policies is likewise without merit. The duty here stems from the obligation imposed on the operator of the vessel to see that each member of the crew

is insured against loss of life and bodily injury in the amount of Five Thousand Dollars ($5,000) on all voyages. The restriction does not impose any specific company with whom the operator of a vessel may place the insurance. In other words, it is possible under the duty imposed for the operator of a vessel to be a self-insurer, to insure in a private company or to insure with the United States. While it may be true that where a policy of insurance as here has actually been placed with the United States, that any or all of these plaintiffs might bring suit against the United States, it does not follow that his remedy is restricted to such suit alone. The primary remedy of the plaintiff is against the employer who is immediately responsible for the insurance and I see no reason why this right should be relinquished merely because he has a similar right against the United States.

In the Broadbent case, the defendant asks that if the motion for summary judgment is denied, that the plaintiff be required to state separately which of his injuries he sustained in the fall, and which of the injuries he sustained by reason of defendant's failure to treat the same properly. This request is made allegedly in conformity with Rule 10(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that: "* * * Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates a clear presentation of the matters set forth." It is submitted that the matter is here properly pleaded in that separation here would in no wise facilitate the presentation of the cause of action as both elements of negligence involve one and the same cause of action.

With respect to the plaintiffs' claims for maintenance and cure, defendants contend that they stem only from the relationship between the owner of the vessel and the seaman and are tortious in nature. The origin of maintenance and cure is contractual in nature and is imposed as a duty annexed to the employment. Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S. Ct. 173, 77 L.Ed. 368. However, no good purpose is here served by attempting to show the historical development of the doctrine of maintenance and cure. It suffices here to say that even under the general

agency agreement the operator became owner "pro hac vice", and accordingly became subject to the same liability.

In the case of Robert S. Brierly v. A. H. Bull Steamship Company, the cause of action concerns itself solely with the plaintiff's right to recover against the defendant for war risk insurance benefits. What has been said concerning war risk insurance benefits with respect to the other three cases is applicable to it, since there is no distinction between them.

The motions for summary judgments in each of the cases, Vincent McCormick v. Moore-McCormack Lines, Inc.; Edward J. Kennedy v. Moore-McCormack Lines, Inc.; William S. Broadbent v. Moore-McCormack Lines, Inc., and Robert S. Brierly v. A. H. Bull Steamship Company, are denied.