## MURPHY v. GULF OIL CORPORATION.
### No. 2935.

District Court, E. D. Pennsylvania.

June 23, 1944.

Abraham E. Freedman (of Freedman & Goldstein), of Philadelphia, Pa., for plaintiff.

Rowland C. Evans, Jr. (of Krusen, Evans & Shaw), of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff, a merchant seaman, instituted a civil action to recover damages for injuries which he sustained during the performance of his duties aboard a ship owned and operated by the defendant. The ship was travelling in convoy under rigid blackout regulations, and plaintiff fell from the midship deck to the shelter deck as a result of mistaking, in the darkness, an unguarded doorway for a passageway.

The complaint contained three counts. The first of these was based on defendant's negligence in failing to maintain a chain across the doorway, and the second was for maintenance and cure. On these counts the case was submitted to the jury and a verdict was rendered for the plaintiff.

■ The third count in the complaint was to recover war risk insurance under the rules and regulations of the Maritime War Emergency Board. Defendant has filed a motion to dismiss this third count on the ground that it fails to state a cause of action against it. The policy of war risk insurance on which this count was based was issued to defendant by the War Shipping Administration of the United States. Under its terms the defendant was insured "for the account of the Master, Officers and Crew" of the vessel against loss of life and bodily injury resulting from a number of different categories of war risks. The policy was procured by defendant in accordance with the provisions of an order promulgated by the Maritime War Emergency Board. This board was created shortly after the outbreak of the war to handle disputes between owners and seamen and to provide a uniform system of insurance, so as to prevent strikes and lockouts in the maritime industry and to further the efficient operation of the American Merchant Marine. The first order of the board provided that each member of the crew of any merchant vessel documented under the laws of the United States should be insured against loss of life due to "risks of war or warlike operations", in the amount of $5,000. By a subsequent order, the scope of the insurance required was extended to cover bodily injuries as well as death, and the terms of the policy were expressly prescribed.

The policy is procured by the ship owner for the benefit of the merchant seamen employed by it. By the terms of the policy, the only persons entitled to its benefits are the seamen themselves in the event of injury, or their beneficiaries, in the event of death. No obligation is undertaken by the ship owner. Nor is there any provision indemnifying the ship owner against claims of the seamen who, by the Act of June 29, 1936, c. 858, Title II, § 225, as amended, 46 U.S.C.A. § 1128d, are given the right by statute to bring action against the United States under marine insurance policies written by the War Shipping Administration.

It is conceded that the plaintiff has rights which plaintiff asserts did not exist prior to the creation of the Maritime War Emergency Board, the issuance of the orders referred to above, and the issuance of the insurance policy in suit pursuant to those orders. It is difficult to see any basis of liability of the defendant under this insurance policy, by the terms of which it assumed no obligation. Nor do the orders themselves create a duty by the ship owner to the seamen employed by it other than to procure the prescribed insurance. The obvious purpose of those orders was to assure the members of the Merchant Marine compensation for injuries or death resulting from the added hazards of war without the necessity of establishing negligence of the ship owner or other conventional bases of liability. This purpose might have been effected by imposing an absolute liability on the ship owner for injury or death resulting to members of their crews from war time risks, and leaving it to them to obtain insurance indemnifying them against such liability or to assume the liability therefor themselves. Instead, the Board ordered that the ship owners insure their employees by policies under the prescribed terms of which the insurer agrees to pay the benefits directly and only to the employees or their beneficiaries. The sole duty of the ship owner, therefore, is to procure the requisite insurance, and no rights against it are created under the policy in suit.[1]

■ It may well be that it is more convenient and expeditious that the claim under the war risk insurance be tried, in a case such as the present, in the same action as the plaintiff's claims based on negligence and to recover for maintenance and cure, since the evidence as to the injuries would in that event not have to be produced at two separate trials. But administrative

[1] With respect to the extent of the obligation imposed on ship owners as to claims which arose, or may arise, after March 15, 1943, there appears to be little doubt as to this result. An order of the Maritime War Emergency Board issued January 28, 1943 states:

"The obligation to furnish such insurance protection shall be deemed fulfilled by the procurement of an insurance policy in the form mentioned above from the War Shipping Administration. If such insurance protection is procured from another source, the obligation to furnish such insurance protection shall not be deemed fulfilled if and to the extent that benefits that are lawfully payable under and pursuant to the terms of the insurance policy aforementioned are not paid."

This order by its terms operates only prospectively beginning March 15, 1943, however, and does not govern the case at bar.

964

convenience may not determine substantive rights, and such considerations therefore afford no basis for holding that a new right against the ship owner is created under a contract or policy of insurance which does not so provide.

My attention has been directed to the decision in McCormick v. Moore-McCormack Lines, Inc., D.C., 54 F.Supp. 399, 1943 A.M.C. 1422, in which a contrary result was reached. After a most careful consideration of that case, I do not wish to alter the views expressed herein.

Defendant's motion to dismiss the third count of the complaint is granted.