**FOSTER v. MARINE TRANSP. LINES,**
Inc., et al.

District Court, S. D. New York.
April 1, 1947.

William L. Standard, of New York City (Ruth H. Saslow, of New York City, of counsel), for libellant.

John F. X. McGohey, U. S. Atty., of New York City (Bertram G. Eadie, Sp. Asst. to U. S. Atty., of St. George, of counsel), for respondents.

CAFFEY, District Judge.

This is an application by libellant for an order permitting him to serve a supplemental libel adding the United States of America as a party respondent. The libel was filed on February 17, 1945. It alleges that the libellant was employed as a seaman on the steamship Maltran, a merchant vessel of American registry operated by the respondent, Marine Transport Lines, Inc., and that on July 5, 1943, the vessel was torpedoed by enemy craft, as a result of which

he was seriously injured. It further alleges that, under the ruling of the Marine War Emergency Board, effective December 7, 1941, as later supplemented, all members of the crews of American merchant vessels were required to be insured against loss of life and bodily injury due to risk of war, or war-like operations, in the amount of $5000, and that libellant, by reason of his injuries, will be disabled for a long period of time and is entitled to maintenance and cure. Wherefore, libellant claims the full amount of $5000 due under the said policy of insurance.

The answer of the respondent was filed on April 2, 1945. It alleges that, under the rulings of the Maritime War Emergency Board, the respondent's only duty to libellant was to procure the issuance of a seamen's war risk and injury policy, so called, that it arranged for such insurance covering libellant and other members of the crew of the steamship through the War Shipping Administration on the form of the Second Seamen's Policy, that such insurance was in force on July 5, 1943, and that the respondent is under no liability to libellant.

The attorney for the respondent states in his answering affidavit that the policy was issued by the War Shipping Administration, an agency of the United States, and that it contained the following provision:

"No action or suit upon this policy shall be valid unless commenced within two years from the time the insurance, benefits or allowances conferred by this policy are payable, except * * *."

It is also stated that libellant was paid under the policy the sum of $1705 for the disability claimed to have been suffered by him down to September 6, 1944, and that he had been notified, previously to that date, that no further payments would be made.

■ The respondent is under no liability to libellant on account of the injuries sustained by him, although it may be liable to him for maintenance and cure, is clear. Murphy v. Gulf Oil Corp., D.C.E.D.Pa., 55 F.Supp. 962, affirmed 3 Cir., 147 F.2d 548. That case holds that the sole duty of the ship owner is to procure the insurance required by the orders of the Maritime War Emergency Board under which the insurer assumes the liability. The case of McCormick v. Moore-McCormack Lines, Inc., D.C.E.D.Pa., 54 F.Supp. 399, relied on by libellant, was disapproved.

Where the insurance policy was written by the War Shipping Administration, as here, Section 1128d, Title 46, U.S.C.A., authorizes the seaman to sue the United States on the policy. But Section 745 provides that suits shall be brought "within two years after the cause of action arises."

In United States Lines Co. v. United States, D.C.S.D.N.Y., 52 F.Supp. 758, 761 (end first paragraph, left column), Judge Rifkind said that Section 225 of the Merchant Marine Act (Section 1128d, supra) "was designed to confer jurisdiction upon the district courts to hear claims arising out of the conduct of the government's 'insurance business.'"

■ Libellant received notice from respondent's answer that respondent had obtained the required policy from the War Shipping Administration. Two years from the date of the accident had not then elapsed. He had ample opportunity, before the two year period of limitations would have expired, to move to bring in the United States as a party. Not having done so, he cannot now, after two years have elapsed, bring it in, for that would be equivalent to the institution of a new suit after the statutory period had run. The motion must be denied.

Settle order on two days' notice.