## SORENSEN v. UNITED STATES.

### Ad. No. 142-177.

District Court, S. D. New York.

Sept. 4, 1946.

Alfred J. Bedard, of New York City (Julian A. Ronan, of New York City, of counsel), for petitioners.

Rolnick & Asofsky, of New York City, for libellant.

CONGER, District Judge.

This is a petition for leave to intervene in a suit by the libellant herein to recover the proceeds of a War Risk Insurance Policy issued pursuant to the provisions of the Merchant Marine Act of 1936, 46 U.S.C.A. 1101 et seq.

The assured, Laurids Nilsen Sorensen, was master of the S. S. Pillory and lost his life when his ship was torpedoed and sunk by enemy action on or about June 5, 1944. The policy named as beneficiary the libellant to whom he referred as his wife. It seems, however, that this libellant is the second wife of the decedent. Moreover, the petitioners seeking to intervene assert that the decedent was still lawfully married to his first wife, Anna Jessen Sorensen, one of the petitioners, at the time of contracting the second marriage. They further assert that Anna is the lawful widow of the decedent and that she and her children are entitled to the benefits of the policy. It is admitted that our petitioners were and still are residents of Fano, Kingdom of Denmark and so were residents of enemy-occupied territory on and before June 5, 1944 and until some time after May 8, 1945 when the German surrender occurred.

This libel is prosecuted in accordance with the provisions of § 1128d of Title 46 of the U.S.C.A., allowing the United States to be sued on a claim for losses on account of insurance issued pursuant to sections 1128–1128h of this title. Section 1128d provides that in such libels, sections 741–752 of this title, the Suits in Admiralty Act, should govern unless otherwise inconsistent with sections 1128–1128h. Section 745 provides that suits brought thereunder should be prosecuted within two years. The War Risk Insurance Policy contains a similar provision, Article 22, but subsection (b) of that article provides that: "(b) the time during which a person, other than the insured, is in enemy occupied territory shall be excluded from the two year period as aforesaid." It is this provision which primarily concerns us here.

The libellant vigorously asserts that this claim is barred by the two-year statute of

limitations of § 745 and that since the Suits in Admiralty Act created a right which was non-existent, such a specification of time for bringing suit is not a limitation of the remedy, but a condition on the right itself. However, we must realize that the War Risk Insurance Policy was drawn up in accordance with the statutory authority and it is difficult to believe that the Maritime War Emergency Board, which approved the form of this policy, would attempt to give a right that was unauthorized. This clause cannot really be considered an attempt to extend the statute of limitations in the accepted sense, but is rather a means of preserving the rights of parties who might have otherwise been unable to act and thus receive that to which they were entitled. Were the strict rule contended for by the libellant to be applied, numerous legitimate claims would have been extinguished because the claimants were residents in territories seized by the enemy or were detained there. Certainly no such situation was envisaged by § 745 which was enacted in 1920 as part of the Suits in Admiralty Act and was not directed to this type of situation, nor by the Merchant Marine Act of 1936 which contained the insurance provisions.

Therefore, without disputing the cases holding that such provisions as § 745 go to the right itself and not the remedy, we prefer to regard a situation such as this as an unforeseen contingency for which the policy, by the quoted subsection, sought to provide. None of the cases construing either § 745 or § 1128d encompasses a similar or even analogous situation to that in the case at bar. Thus, we feel that the provision of the policy is valid and that this petition for leave to intervene is timely brought.

As a matter of policy it is more in the interests of justice to allow an intervention than to exclude somebody whose right might be permanently impaired. An error on the side of intervention can harm nobody because the trial court will be capable of examining the claims and determining their validity. It is in the best position to do so because it has all the pertinent information before it. If this claim is with-out merit, it will be readily discerned when the entire matter is laid open. If there is merit in the claim, then a valuable right has been preserved. This is more in keeping with our traditions of giving each litigant his day in court.

Motion to intervene granted.

Settle order.