## RODGERS v. PENNSYLVANIA R. CO.

District Court, E. D. New York. April 13, 1927.

No. 2979.

1. Commerce ⊚═⇒8(6)—State law concerning wrongful death held inapplicable in cases arising under federal law (Employers' Liability Act [Comp. St. §§ 8657–8665]).

Pennsylvania state statute concerning wrongful death *held* inapplicable in cases arising under federal Employers' Liability Act (Comp. St. §§ 8657–8665), in that the latter act supersedes state statute.

2. Death ⊚═⇒10—Representative's right of action under federal Employers' Liability Act held barred, where employee survived accident more than two years without bringing action (Employers' Liability Act, §§ 6, 9 [Comp. St. §§ 8662, 8665]).

Under federal Employers' Liability Act, § 6 (Comp. St. § 8662), requiring action to be

commenced within two years, and section 9 (Comp. St. § 8665), relative to survival of right of action, right of action by personal representative of deceased is barred, where deceased lived more than two years after accident and brought no action for injury; right of personal representative being dependent on existence of cause of action in deceased at time of death.

At Law. Action by Katherine Rodgers, as administratrix of the goods, wares, chattels, rights, and credits which were of Walter Grant Rodgers, deceased, against the Pennsylvania Railroad Company. On motion to dismiss the complaint. Motion granted.

John C. Oldmixon, of New York City, for plaintiff.

Burlingham, Veeder, Masten & Fearey, of New York City (G. H. Merritt, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge. This is a motion to dismiss the complaint. The administratrix of Walter Grant Rodgers brought an action under the provisions of the federal Employers' Liability Act (Comp. St. §§ 8657–8665) against the Pennsylvania Railroad Company. The deceased was injured in Pennsylvania in defendant's employ on November 10, 1922. On February 4, 1925, more than two years after the accident occurred, decedent died without any action having been instituted upon his behalf. On December 2, 1926, an action was brought by the administratrix under the federal Employers' Liability Act of 1908, as amended in 1910. The plaintiff is suing (1) for conscious pain and suffering of the injured party from the time between the fatal injuries and death; and (2) for the pecuniary loss suffered by reason of the death of the injured party.

[1] The state statute of Pennsylvania concerning wrongful death is inapplicable in cases of this nature, for it is superseded by the federal Employers' Liability Act. St. Louis, Iron Mountain & Southern Railroad Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160.

[2] The question presented is: Can the representative recover for conscious pain and suffering of the injured party, and also for damages or pecuniary loss, when the decedent during his lifetime failed to bring an action for his injuries during the time prescribed by law?

Section 6 of the federal Employers' Liability Act (Comp. St. § 8662) reads:

"That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued. * * *" 35 Stat. 66, as amended by 36 Stat. 291.

The deceased could not have brought an action for conscious pain and suffering, for at the time of his death the statute had run against his claim. American R. Co. of Porto Rico v. Coronas (C. C. A.) 230 F. 545, L. R. A. 1916E, 1095.

Section 9 of the federal Employers' Liability Act (Comp. St. § 8665) reads:

"Survival of Right of Action. * * * That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." 36 Stat. 291.

The statute says "any right of action given by this act shall survive. * * *" Here, however, the deceased had no right of action when he died. Therefore, how can it be said that anything survived to the representative? By the act of 1908 the cause for action for conscious pain and suffering did not survive to the representative. By virtue of the amendatory act of 1910, namely, section 9, the cause of action does survive. However, "the amendment does no more than provide for the survival of the employee's right of action, if it remained in existence up to the time of his death, and that 'in such cases'—that is, cases of survival of the employee's right of action—there shall be only one recovery for the same injury. If the employee had no right of action immediately before he died, his personal representative has no right of action other than such as was given by the act before it was amended. The section added by the amendment of 1910 is not applicable to such a case." Seaboard Air Line Ry. Co. v. Oliver (C. C. A.) 261 F. 1, at page 2.

Concerning the right of action given the personal representative, the United States Supreme Court in the Central R. Co. v. Vreeland, 227 U. S. 59, at pages 68, 69, 33 S. Ct. 192, 195 (57 L. Ed. 417, Ann. Cas. 1914C, 176), decided:

"This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he survived. * * * It is a liability for the loss and damage sustained by relatives dependent upon the decedent. * * * But as the

foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury."

The deceased could not have maintained an action brought immediately before his death, for the statute of limitations was a bar; and, since the administratrix's right is predicated upon the existence of a right of action in the deceased immediately preceding his death, the administratrix's right is barred.

Motion granted. Settle order on notice.