## PIASCIK v. UNITED STATES.

District Court, S. D. New York.

July 21, 1944.

James B. M. McNally by Thomas H. Walker, both of New York City, for the United States.

Jacob Rassner, of New York City, for libellant.

BONDY, District Judge.

■ The libellant's contention that the libel states a cause of action under Public Law 17, 50 U.S.C.A.Appendix, § 1291, can not be sustained because the law expressly provides that it applies only to seamen employed through the War Shipping Administration, and because there is no allegation of such fact. Nor can the contention that the Jones Act, 46 U.S.C.A. § 688 applies, be sustained. The Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, provides a remedy against the United States. This is the exclusive remedy against the United States on the facts alleged. Johnson v. United States Shipping Board Emergency Fleet Corporation, 280, U.S. 320, 327, 50 S.Ct. 118, 74 L.Ed. 451. See Brady v. Roosevelt S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. Under this statute suit must be brought within two years after the cause of action arises, 46 U.S.C.A. § 745, that is, two years after death, and not as contended, two years after the appointment of an administrator. See Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. This limitation is incorporated by reference in Public Law 17, 50 U.S.C.A.Appendix, § 1291 and Public Vessels Act, 46 U.S.C.A. § 782, which was also referred to by counsel.

■ It may be noted that no facts are disclosed showing that this is the proper district in which this suit should be brought. See 46 U.S.C.A. § 742; Blamberg Bros. v. United States, 260 U.S. 452, 43 S.Ct. 179, 67 L.Ed. 346.

The exceptions accordingly are sustained and the libel dismissed with leave to amend.