**KEIL v. UNITED STATES et al.**
No. 2775.

District Court, D. Maryland.
April 5, 1946.

I. Duke Avnet, of Baltimore, Md., for libelant.

Bernard J. Flynn, U. S. Atty., and Ober, Williams & Stinson, all of Baltimore, Md. (Southgate L. Morison, of Baltimore, Md. of counsel), for respondents.

CHESNUT, District Judge.

This case presents a suit by an American seaman against the United States of America under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The Act was first passed March 9, 1920, c. 95, 41 Stat. 526, and amended June 30, 1932, c. 315, 47 Stat. 420. Section 745 provides: "Suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and all other suits hereunder *shall be brought within two years after the cause of action arises.*" (Italics supplied)

The libelant sues for injuries alleged to have been due to the negligence of the United States as owner of the merchant vessel "John Lind", on which he was employed as a member of the crew in the capacity of an oiler. For a second cause of action he also sues for "maintenance and cure". In the libel in personam he alleges that the action from which his injuries ensued occurred on or about August 11, 1943. This libel was not filed until January 25, 1946, more than two years after the accident as averred in the libel. One of the respondents, American Mail Line, Ltd., has been returned non est by the marshal. The War Shipping Administration is merely an agency of the United States. The United States has filed an exception to the libel "on the ground that it appears from the libel that such libel was not filed within two years after the causes of action set forth therein arose". Counsel have been heard on this exception. I conclude that it must be sustained.

46 U.S.C.A. § 688 provides that a seaman suffering personal injury in the course of his employment may sue for damages "and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply". It is conceded that section 688 is applicable to this suit in admiralty. The reference in section 688 to actions by railway employes is to the well-known Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Section 56 (as amended August 11, 1939, c. 685, § 2, 53 Stat. 1404) provides "no action shall be maintained under this chapter unless commenced within *three years* from the day the cause of action accrued". Counsel for the libelant in this case, therefore, contends that the period of limitation for suit is not two years as expressly provided in the Suits in Admiralty Act, but three years as provided in the Employers' Liability Act. But it seems quite clear that the libelant's position in this respect is not maintainable. The suit here is expressly based on the Suits in Admiralty Act and it very definitely imposes a two-year limitation as the condition on which the United States has consented to be sued. The courts have no authority to permit suits against the United States except on the conditions therefor provided in the Act of Congress permitting the suit. United States Shipping Board v. Rosenberg, 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531; Johnson v. Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Clyde-Mallory Lines v. Eglantine, 317 U.S. 395, 63 S.Ct. 294, 87 L.Ed. 355; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. See also Piastik v. United States, D.C. N. Y., 65 F.Supp. 430, 1944 AMC. 1350; Clarification Act of March 24, 1943, c. 26, 57 Stat. 45, 50 U.S.C.A. Appendix § 1291, and Committee Report thereon, 1943 AMC. 606, 623.

Counsel for the libelant cites Stewart v. United States Shipping Board Emergency Fleet Corp., D.C. N.Y., 7 F.2d 676, in which case the District Court sustained a suit for personal injuries against the U. S. Emergency Fleet Corporation, and held that the two-year limitation in the Suits in Admiralty Act relied upon as a defense was not applicable; but it is to be immediately noted that the suit was based on the general admiralty jurisdiction and not on the Suits in Admiralty Act. It is also to be noted that in that case the libelant's injuries occurred in 1917 prior to the passage of the Suits in Admiralty Act in 1920. Shortly thereafter the Supreme Court held in United States Shipping Board Emergency Fleet Corp. v. Rosenberg, supra, that the remedy given by the Suits in Admiralty Act after its passage was the exclusive remedy in admiralty against the Fleet Corporation,

the entire capital stock of which was owned by the United States or its representatives.

The exception to the libel must, therefore, be sustained. If the libelant desires to amend, the amendment proposed can be submitted for consideration.