**CRESCITELLI v. UNITED STATES et al.**

No. 211 of 1945.

District Court, E. D. Pennsylvania.

April 26, 1946.

Nathan M. Griffith and Howard M. Long, both of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This suit in admiralty is for damages resulting from an accident which caused the death of the libellant's son while serving as a seaman on a vessel owned by the United States. The basis of the suit is negligence and the libel avers that it "is brought under the Suits in Admiralty Act [46 U.S.C.A. § 741 et seq.] * * * and pursuant to applicable provisions of Section 33 of the Merchant Marine Act of 1920" (Jones Act), 46 U.S.C.A. § 688.

The libel was filed more than two years, but less than three years, after the accident and death. The question raised by this motion to dismiss is whether suits brought against the United States, since the enactment of the "Clarification Act" of 1943, 57 Stat. 45, by seamen to en-force the rights engrafted upon the maritime law by the Jones Act, are subject to the two year jurisdictional limitation of the Suits in Admiralty Act.

The Suits in Admiralty Act (Sec. 5) provides that "all * * * suits hereunder shall be brought within two years after the cause of action arises." The Jones Act was enacted three months later and the limitation for actions brought under its provisions has been, since 1939, three years. If this were a suit against a private owner the three year limitation would unquestionably apply, and the libel would have been filed in time.

On March 24, 1943, Congress enacted Public Law 17 of the 78th Congress, 57 Stat. 45, sometimes referred to as the Clarification Act. The main purpose of Section 1 was to remove various technical difficulties which confronted seamen on United States and foreign flag vessels, in cases of injury, illness, death, etc., arising from their government-employee status and also from the frequent uncertainty as to whether the ship was a merchant or public vessel. The Act extended to such seamen all the rights of seamen, citizens of the United States, employed on privately owned American vessels with respect to death, injuries, maintenance and cure, etc. It further prescribed a claim for administrative relief as a condition precedent to suit for injuries or death and it provided that, if the claim was administratively disallowed, it was to be "enforced pursuant to the provisions of the Suits in Admiralty Act"—a provision which was made operative even though the vessel on which the seaman was employed might not be a merchant vessel within the meaning of that statute.

The libellant argues that he has certain substantive rights under the Jones Act, one of which is the right to commence a suit to recover for his son's death at any time within three years, and that, inasmuch as the Clarification Act gave his son "all the rights * * * under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels," his right of action thereby acquired the three year limitation period of the Jones Act.

The difficulty which I have in accepting this view arises from the later provision of the same section of the Clarification Act to the effect that "Any claim referred to in clause (2)" (death or injury) "shall * * * be enforced pursuant to the provisions of the Suits in Admiralty Act" which Act, as has been said, imposes a two year limitation.

Whether these two provisions of the Clarification Act are conflicting depends upon what Congress intended when it said "all the rights * * * under law applicable to citizens of the United States" etc.

The libellant contends that the Suits in Admiralty Act is purely procedural, creating no new rights, that the limitation which it specifies is merely upon the remedy and does not relate to the right and, that, therefore, when rights were referred to in the Clarification Act, it was intended that the substantive rights of the Jones Act were to be incorporated into the Act, to the exclusion of what the libellant says are merely procedural provisions of the Suits in Admiralty Act.

 It is quite true that the Jones Act confers substantive rights upon seamen and that the limitation contained in it, through the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is a condition of the liability and not a limitation on the remedy only. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Bell v. Wabash R. Co., 8 Cir., 58 F.2d 569. This, however, is only half of the story. The argument applies equally to the Suits in Admiralty Act. True, that statute created no new causes of action in the usual sense of that term (see Burkholder v. United States, D.C., 56 F. Supp. 106), but, with respect to causes of action existing or arising against private owners, it did confer a new right upon the persons to whom they belong, namely, the right to assert such causes of action against the sovereign. It follows that the limitation provision of the Suits in Admiralty Act, also, is a condition to the assertion of the right against the United States which it creates. In addition, even purely procedural provisions of a statute waiving sovereign immunity are jurisdictional. United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S. Ct. 256, 72 L.Ed. 531.

It seems to me that it is a fallacy to call this a suit under the Jones Act. Actually, it is brought by virtue of the Clarification Act and the Suits in Admiralty Act, without which statutes no seaman could acquire or could enforce any right arising from personal injuries against the Government. The Jones Act gave him rights against private owners, but, of itself, gave him no rights against the United States. The Suits in Admiralty Act provided for a proceeding in admiralty against the United States, and the Jones Act thereafter introduced into the maritime law a new set of principles, see Lindgren v. United States, 281 U.S. 38, 50 S. Ct. 207, 74 L.Ed. 686; Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L. Ed. 451, but the extent to which the seaman could assert his newly acquired rights against the Government depended entirely upon the conditions upon which the sovereign had given its consent to be sued, and that consent was to be found in the Suits in Admiralty Act, and not elsewhere. It is clear that, as against the Government, the seaman did not receive the benefit of every provision of the Jones Act. For example he did not become entitled to a trial at common law by a jury in a suit against the United States in any court but was restricted to the enforcement of his rights by a proceeding in admiralty. And it would seem equally clear the "rights" referred to in the Clarification Act are rights against the Government and are therefore subject to the two year limitation expressly provided for suits in admiralty under the Suits in Admiralty Act.

The libellant points out that the Clarification Act, passed March 24, 1943, was made retroactive with respect to all actions which accrued back to October 1, 1941, and argues from this that Congress must have intended that the three year limitation of the Jones Act should apply since, with respect to an accident occurring on October 1, 1941, the seaman was allowed only five more months or until October 1,

1943, to make his claim to the administrator and wait the sixty days requisite for its disallowance. This argument loses much of its force if it be borne in mind that, prior to the passage of the Clarification Act, such a seaman, if he had any right, had until October 1, 1943, or only about five months to bring his suit and that the Clarification Act merely cut his time by two months. There is no reason to suppose that Congress believed that the Suits in Admiralty Act had been amended by the amendment to the Jones Act extending its period of limitation, through the Federal Employers' Liability Act, for, as pointed out in this opinion, the amendment can not logically be said to have had that effect and, in addition, I have found no case so holding.

The Suits in Admiralty Act was an act which made uniform suits for maritime causes of action against the United States, United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., supra, and I do not think that any of the reasons advanced are sufficient to justify the belief that Congress, by the Clarification Act, intended to destroy this uniformity which had existed for some 23 years and had been carefully preserved by both Congress and the courts during that time by the passage of an act which does not expressly or impliedly do so.

Certain principles of statutory construction should always be borne in mind. The Suits in Admiralty Act, and the Clarification Act (as well as the superseded original Act of 1916) constitute a series of statutes by which the sovereign gratuitously waives its immunity and consents to be sued.

"In interpreting the act," (Suits in Admiralty Act) "permitting as it does a suit to be brought against the United States, we must follow the rule of strict construction. This follows from the fact that the United States cannot be sued without their consent, and, if Congress in certain cases gives its consent, the courts are confined to the letter of the statute which expresses such consent. * * * And all the provisions of such a statute are jurisdictional. As the liability and the remedy are cre-

ated by the statute, the limitations of the remedy are regarded as limitations of the right." The Isonomia, 2 Cir., 285 F. 516, 520. See also Johnson v. United States Shipping Board Emergency Fleet Corp., supra. This principle, certainly as firmly grounded and well recognized as any canon of statutory interpretation, forbids the Court to resort to "construction", in order to widen or extend the scope of the liability assumed by the sovereign. Specifically, it raises every reasonable intendment against the libellant's theory that the limitation period of the Suits in Admiralty Act was extended to three years, via the Jones Act, by the 1939 amendment to the Federal Employers' Liability Act and, as so extended, was re-enacted by the Clarification Act.

What has been said leads to the conclusion that the two year limitation of the Suits in Admiralty Act still applies to an action brought by the representatives of a deceased seaman against the Government on a cause of action to enforce rights engrafted upon the Maritime Law by the Jones Act and that the limitation is jurisdictional.

The motion to dismiss is granted.