## CRESCITELLI v. UNITED STATES et al.
### No. 9201.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 17, 1946.

Decided Jan. 23, 1947.

Howard M. Long, of Philadelphia, Pa. (Nathan Griffith, of Philadelphia, Pa., on the brief), for appellant.

Abraham E. Freedman, of Philadelphia, Pa. (Charles Lakatos and Freedman, Landy & Lorry, all of Philadelphia, Pa., on the brief), amici curiae.

John Beck Shaw, of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., and Krusen, Evans and Shaw, all of Philadelphia, Pa., on the brief), for respondents.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and MURPHY, District Judge.

GOODRICH, Circuit Judge.

In this case the libelant, as administrator, has sued in admiralty to recover damages alleged to have been occasioned by the negligence of the employees of the respondents while his son was serving as a seaman on a vessel owned by the United States. The suit was brought more than two years and less than three years after the operative facts occurred. The respondents say the action is not timely; the libelant insists that it is. The District Judge agreed with the respondents and the

correctness of that position is the sole point of this appeal.

Three federal statutes are involved. The first is the Merchant Marine Act of 1920,[1] commonly called the Jones Act, plus the 1939 time limitation amendment to the Federal Employers' Liability Act[2] which is incorporated into the Jones Act. The second is the Suits in Admiralty Act.[3] The third is the so-called Clarification Act.[4]

The right to recover for a negligent injury against a private ship owner is given by the Jones Act. The District Court assumed that had this suit been brought against a private ship owner the period of limitation would have been three years.[5] But to maintain the suit against the United States, appellant turns to the Clarification Act of 1943 which gives American seamen "All of the rights * * * under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels, * * *". Subject to the prescribed procedure for making a claim through administrative channels this statute then says that the claim shall "Be enforced pursuant to the provisions of the Suits in Admiralty Act". Section 5 of the Suits in Admiralty Act[6] requires suits to be brought within two years.

Under these three statutes was the plaintiff's action timely?

We have to aid our determination here two very well-considered discussions of this very question. One is the opinion of the District Court in deciding this case, E.D. Pa.1946, 66 F.Supp. 894. The other is the Ninth Circuit decision in Kakara v. United States, 1946, 157 F.2d 578.[7] Both hold that a two year period of the Suits in Admiralty Act is applicable. We think this conclusion is right. In view of the thoroughness with which the problem has been discussed in the two opinions mentioned it would be sheer affectation of learning for us to go over the ground again. We do not, we think, need to place the conclusion upon any presumption in favor of a narrow interpretation of statutes imposing liability on government, but rest the conclusion upon what we believe is the fair interpretation of the statute without presumptions either way. We are impressed by the point made in the Ninth Circuit opinion that if the time limitation provision of Section 5 of the Suits in Admiralty Act does not apply, such a holding would require "That the other limiting provisions of the Act do not apply".[8] We do not think it would be seriously contended, for instance, that a sea-

[1] 41 Stat. 1007, Act June 5, 1920, 46 U.S.C.A. § 688.

[2] 53 Stat. 1404, Aug. 11, 1939, 45 U.S.C.A. § 56.

[3] 41 Stat. 525, March 9, 1920, 46 U.S.C.A. § 741.

[4] 57 Stat. 45, March 4, 1943, 50 U.S.C.A.Appendix, § 1291.

[5] But see argument to the contrary on this assumption cited by the Court in Kakara v. United States, 9 Cir., 1946, 157 F.2d 578: "Appellant [Kakara] contends that as to the Jones Act's rights against private owners and vessels, this subsequent amendment of the Employers' Liability Act enlarged the Jones Act's limitation to three years. * * * [Citing cases] Appellee contends that the Jones Act embodied the provisions of the Employers' Liability Act only as to the latter's provisions as they were when so embodied and cites [cases] * * *. Our view of the specific two year provision of § 5 of the Suits in Admiralty Act makes it unnecessary to determine this contention of appellant."

[6] 41 Stat. 526, March 9, 1920, 46 U.S.C.A. § 745.

[7] See dictum in Brady v. Roosevelt S. S. Co., 1943, 317 U.S. 575, 581, 63 S.Ct. 425, 428, 87 L.Ed. 471: "* * * Furthermore, if all suits to enforce maritime causes of action must be brought in such cases under § 2 of the Acts [Suits in Admiralty Act] the short statute of limitations of two years contained in § 5 is applicable. * * *"

Also see dictum in Piascik v. United States, D.C.S.D.N.Y., 1944, 65 F.Supp. 430, 431: "* * * Nor can the contention that the Jones Act, 46 U.S.C.A. § 688 applies, be sustained. The Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, provides a remedy against the United States. This is the exclusive remedy against the United States on the facts alleged. [Citing cases.] Under this statute suit must be brought within two years after the cause of action arises, 46 U.S.C.A. § 745, that is, two years after death, and not as contended, two years after the appointment of an administrator. * * *"

[8] Kakara v. United States, 9 Cir., 1946, 157 F.2d 578, at page 579.

man could insist on a libel in rem of a vessel belonging to the United States, or that he could sue the United States in any State or Federal District Court, or that he could insist on a jury trial.

In other words, we think Congress meant what it said when, in the Clarification Act, it said that the rights to be pursued by an American seaman against the United States were to be pursued as prescribed by the Suits in Admiralty Act. We think there is no more reason to disregard the time provisions in the Suits in Admiralty Act than any others.

Affirmed.