### OSBOURNE v. UNITED STATES et al.

District Court, S. D. New York.

May 27, 1947.

William L. Standard, of New York City, for libellant.

John F. Sonnett, Asst. Atty. Gen. (Dow & Symmers, William G. Symmers, and Edwin K. Reid, all of New York City, of counsel), for the United States.

CONGER, District Judge.

Disposition of exceptions to the libel filed herein on the ground that the suit is barred by the statute of limitation.

This is an action against respondents to recover damages, as a result of an alleged injury sustained by libelant while employed as a member of the crew of respondents' vessel, the S.S. President Harrison.

The accident is alleged, in the libel, to have occurred some time between October 15, 1941 and December 8, 1941. The suit was started July 31, 1946.

Originally respondents interposed five exceptions to the libel. On the argument of this motion three of the exceptions were eliminated. Exceptions Second and Third are now the only ones in dispute.

Two questions are presented for determination by the issues here:

1. Does either the two-year limitation period for suits under the Suits in Admiralty Act of 1920, 41 Stat. 525, 46 U.S.C.A. § 742, or the three-year limitation for suits under the Jones Act bar libelant's right of action against the United States because it was not brought within the two-year or three-year limitation period of the respective statutes from the date the alleged cause of action arose?

2. Does the three-year limitation period for suits under the Jones Act, 46 U.S.C.A. § 688, bar libelant's right of action against respondent American President Lines because it was not brought under the Act within three years from the date the alleged cause of action arose?

Libelant's right to recover herein is predicated upon two Federal Statutes: (a) The Merchant Marine Act of 1920, known as the Jones Act, 46 U.S.C.A. § 688; and (b) the Suits in Admiralty, 46 U.S.C.A. § 742.

The time limit during which an action must be brought under the Jones Act is three years Section 6 of Federal Employers' Liability Act, 45 U.S.C.A. § 56, and under the Suits in Admiralty Act two years, 46 U.S.C.A. § 745.

It makes no difference under which Act libelant elects to proceed. The suit was not started within the time prescribed by either.

These provisions are not mere statutes of limitation, but go to the right itself and not the remedy, and failure to start the action within the time prescribed extinguishes the right of action. Engel v. Dav-

enport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Atlantic Coast Line R. R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226.

Libelant's action against both respondents is, for the reasons stated above, barred. Kakara v. United States, 9 Cir., 157 F.2d 578; Crescitelli v. United States, 3 Cir., 159 F.2d 377; Piascik v. United States, D.C., 65 F.Supp. 430; Keil v. United States, D.C., 65 F.Supp. 431.

It is with reluctance that I have come to the above conclusion but I see no way to avoid it. Libelant was late in starting his action because he was denied access to the Courts through no fault of his.

On or about December 8, 1941 the S. S. President Harrison was captured by the Japanese and libelant and the rest of the crew were interned for the duration of the war. Libelant was returned to the United States on or about October 22, 1945. After his return to this Country, libelant prosecuted his claim with due diligence.

Notwithstanding all this I can find no authority in law for reviving this claim which died because of the failure to prosecute in time. I cannot put into the law something which is not there. The remedy lies with the legislature.

The holding in Sorensen v. United States, D.C.S.D.N.Y., 69 F.Supp. 660, is not controlling here. That case gave approval to a clause in a War Risk Policy excluding the time a claimant is in enemy territory from the two-year period of 46 U.S.C.A. § 745. No such beneficial action has been taken in favor of claims like the present one.

Exceptions allowed.

Settle order on notice.