### SGAMBATI v. UNITED STATES.

District Court, S. D. New York.
Oct. 7, 1947.

Paul Kastenbaum, of New York City (Jacob Rassner, of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Martin J. Norris, of New York City, of counsel), for respondent.

COXE, District Judge.

This is a motion by the respondent to dismiss the present suit on the ground that it is barred by limitation.

The suit is brought under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, or the Public Vessels Act, 46 U.S.C.A. §§ 781–790 for damages for personal injuries alleged to have been sustained by the libelant on December 27, 1942, while he was working as a rigger on the S/S B-29, a naval vessel of the respondent.

The suit was commenced on February 13, 1947, and the libel alleges that the libelant sustained his injuries as the result of a fall into an unguarded opening on the vessel.

■ Section 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745, provides that suits "shall be brought within two years after the cause of action arises." This section is incorporated by reference into the Public Vessels Act by Sec. 2 thereof, 46 U.S.C.A. § 782. These two Acts provide the libelant's exclusive remedy, and in both it is a condition to the statutory grant that the suit be brought within two years after the cause of action arises. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226; Kiel v. United States, D.C., 65 F. Supp. 431; Piascik v. United States, D.C., 65 F.Supp. 430. The present suit was commenced on February 13, 1947, or more than four years after the cause of action arose.

■ It is insisted by the libelant that he was a minor on December 27, 1942, when the cause of action arose, and that the period of his minority should be excluded in computing the two-year period of limitation. It appears that the libelant was born on February 19, 1925, which would make him just short of eighteen years of age on December 17, 1942. The difficulty with the contention is that neither the Suits in Admiralty Act nor the Public Vessels Act provides for tolling the limitation period during minority, and there is no authority to interpolate into the language such a provision. See Kiel v. United States, supra, and Piascik v. United States, supra. The proviso appearing in Sec. 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745, referring to the Court of Claims, quoted by the libelant in his brief, is on its face inapplicable, as it plainly refers only to a "prior suit" commenced prior to January 6, 1930, and has no bearing on the question now presented by the libelant.

The motion of the respondent to dismiss the suit on the ground that it is barred by limitation is granted.