## STOFEY v. UNITED STATES et al.
### No. 2777.

United States District Court
M. D. Pennsylvania.

Nov. 21, 1949.

and, therefore, imposes no liability upon it; (b) the facts set forth do not allege a cause of action predicated upon a war risk; (c) the claim, if any, is barred by the Statute of Limitations.

(2) As to the company, that it undertook no obligation to pay any war risk insurance and there is no allegation that it did.

Deceased was an American Merchant Seaman, a member of the crew aboard the S. S. Luckenbach, "documented and registered" in the name of respondent company; "operated and controlled" by respondent government through the War Shipping Administration.

Jurisdiction is based upon 46 U.S.C.A. § 1128a. Suit is brought under and subject to the provisions of the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, 50 U.S.C.A. Appendix, § 1291(a), and by virtue and authority of the Merchant Marine Act, 46 U.S.C.A. §§ 1101–1128h, incl.

Having been damaged while under convoy, deceased's ship was towed to the Khedival Shipyards, Suez, Egypt, for repairs. At the shipyard it was moored outboard and alongside a British vessel, the "Empire Dawn", similarly disabled and undergoing repairs. The British vessel was tied immediately next to the dock so that the crew of the S. S. Luckenbach had to traverse the deck of the "Empire Dawn" in going to or coming from the dock. The area, being subject from time to time to enemy air bombardment, was under strict blackout regulations.

During the night a fire of other than enemy origin occurred in the lower hold of the "Empire Dawn". Deceased, while engaged in executing the order of his superior officer, i. e., to proceed in the darkness to the lower hold of the "Empire Dawn" to help fight the fire, was fatally injured. Libelant argues the absence of lights was the proximate cause of the injuries. Basically, therefore, the question is whether or not the absence of lights was a risk of war or a marine peril since the policy insured against loss of life from war risk only.

Ernest J. Gazda, Scranton, Pa., G. Lester W. Curry, New York City, for the libelant.

Arthur A. Maguire, United States Attorney, for respondent United States.

Walter L. Hill, Jr. (of O'Malley, Harris, Harris, & Warren), Scranton, Pa., for respondent Luckenbach S. S. Co., Inc.

MURPHY, District Judge.

Libelant, a resident of this district, seeks to recover from respondents on a War Risk Insurance Policy, alleging certain facts as to the cause of death of her brother, the insured, contending that death was the result of a risk of war. Respondents except to the libel and move that it be dismissed for the following reasons:

(1) At to the government, (a) the policy, if any was not carried by the government

██ "* * * the common understanding is that in construing these policies we are not to take broad views but generally are to stop our inquiries with the cause nearest to the loss. This is a settled rule of construction. * * * We repeat that we are dealing not with general principles but only with the construction of an ancient form of words which always have been taken in a narrow sense * * *." Holmes, J., in Queen Insurance Co. v. Globe & Rutgers Fire Insurance Co., 263 U.S. 487, 492, 493, 44 S.Ct. 175, 176, 68 L.Ed. 402.

██ The absence of lights under the circumstances did not constitute a warlike operation. Crist v. United States War Shipping Administration, 3 Cir., 1947, 163 F.2d 145, certiorari denied 332 U.S. 852, 68 S.Ct. 352, 92 L.Ed. 422; Nordling v. Gibbon, D.C.S.D.N.Y.1945, 62 F.Supp. 932, 933; Queen Insurance Co. v. Globe & Rutger Fire Insurance Co., supra.

"* * * a mere increase of sea peril, by removal for belligerent purposes of all or any aids to navigation, does not per se afford ground for recovery under such 'war risk' as this, in respect of a loss due to the absence of accustomed assistance. Such act, indeed, no more than restores the dangers of the seas to their normal." Muller v. Globe & Rutgers Fire Insurance Co., 2 Cir., 246 F. 759, at page 762; cf. Reinold v. United States, 2 Cir., 1948, 167 F.2d 556. As to the place, cf. Meseck Towing Lines, Inc. v. Excess Insurance Co., Ltd., D.C.1948, 77 F.Supp. 790, collision of vessels in New York harbor.

██ Federal courts will adopt the British rule of interpretation in war risk cases. Queen Insurance Co. v. Globe & Rutgers Fire Insurance Co., supra, and Crist v. United States War Shipping Administration, supra.

The following English cases were cited by government counsel as holding that a blackout per se is not a war risk: Cameron v. Minister of Pensions, 1945 Session Cases 8, 1945 Scots Law Times 337 (Ct. of Session); Kemp v. Minister of Pensions (1945) 114 L.J.K.B. 309; 172 L.T. 292, 61 T.L.R. 341 (King's Bench Division); Minister of Pensions v. Ffrench (1946) 1 K.B. 260 (King's Bench Division). See Farrell v. United States, 336 U.S. 511, at page 514, 69 S.Ct. 707, 709, "It is true that the ship was engaged in warlike operations and was a legitimate target for enemy aircraft or naval vessels, which made her service a war risk, but at that time and place no enemy attack was in progress or imminent."

We have considered the case of Murphy v. United States, D.C.E.D.Pa., 66 F.Supp. 260, decided prior to Crist v. United States War Shipping Administration, supra. In our judgment, the reasoning of Murphy v. United States, supra, is refuted by that of the Circuit Court in the Crist decision.[1]

██ In view of the foregoing, we merely note in passing that the two year Statute of Limitations, which may be raised on a motion to dismiss (Di Sabatino v. Mertz, D.C.1949, 82 F.Supp. 248, and see Murphy v. Gulf Oil Corp'n, supra) would bar any possible claim of Libelant.[2] See 46 U.S.C.A. § 745; Crescitelli v. United States, D.C.E.D.Pa.1946, 66 F.Supp. 894, affirmed 3 Cir., 1947, 159 F.2d 377; Kakara v. United States, 9 Cir., 1946, 157 F.2d 578. The courts have no authority to permit suits against the United States except on the conditions therefor provided in the Act of Congress permitting the suit. Keil v. United States, D.C.1946, 65 F.Supp. 431. Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the re-

---

1. Public Law 17, 78th Congress, H. R. 133, 57 Stat. 45–51, 50 U.S.C.A.Appendix, § 1291 et seq., referred to by Libelant in her argument, did not become law until March 23, 1943, and did not and could not change the contract sued upon. See Nordling v. Gibbon, supra, 62

F.Supp. at page 934; Murphy v. Gulf Oil Corp'n, D.C.E.D.Pa.1944, 55 F.Supp. 962, at page 963, affirmed 3 Cir., 1945, 147 F.2d 548.

2. Under the facts here present, the provisions of 46 U.S.C.A. § 1128e and 1128e —1 are not pertinent.

strictions imposed. Munro v. United States, 1938, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633.

As to the company, the failure to plead that death was caused by a risk of war makes it unnecessary to consider the possibility of liability as a self-insurer. Notwithstanding the narrow ground upon which the company's motion to dismiss is based, we feel compelled in the light of the cases to sustain the motion to dismiss on behalf of each of the respective Respondents.