**SLOAND v. UNITED STATES et al.**

No. 2204.

United States District Court
W. D. New York.

Jan. 13, 1950.

On Motion for Reargument
April 7, 1950.

Desmond & Drury, of Buffalo, N. Y., for libelant.

Sanders, Hamilton, Dobmeier & Connelly, George L. Grobe, U. S. Attorney, of Buffalo, N. Y., for respondents.

KNIGHT, Chief Judge.

The libel alleges three causes of action. The *first* alleges that libelant resides in Buffalo, N. Y., is mother of deceased and his duly appointed administratrix; that respondent U. S. A., through its correspondent agency, was owner of steamship John Martin Miller, used as merchant vessel in "transportation of freight for hire by water in coastwise and foreign trade"; that deceased was continuously employed thereon as an ordinary seaman and member of crew from April 13, 1945, to April 10, 1946; that, between June 15–20, 1946, while so employed as member of crew, he suffered injury to left foot, resulting in complete disability until injury caused his death on November 2, 1948; that he was entitled to maintenance, care and cure from date of injury to death, amounting to $10,000.

The *second* cause of action alleges that it was duty of master of said steamship to furnish deceased with prompt and proper medical and surgical care, medicines and treatment and with proper relief from working after he sustained injury; that from date of injury until end of voyage when deceased left ship, "he suffered intense pain and agony and was in need of immediate medical and surgical attendance * * * was forced to remain on board * * * for * * * eleven months without any (such) attendance and he was forced to continue his duties during this period and, even though he was in need of relief from these duties, (it) was not furnished." On account of this damage in sum of $45,000 is demanded.

The *third* cause of action alleges deceased was 21 years old, "had been gainfully employed for some time previous to his injury on June 20, 1946, was in excellent health and contributed to support of libelant, who was partially dependent on his earnings and suffered damage in sum of $50,000; that she filed a claim which has not been administratively allowed.

Libelant finally demands a total of $105,000 damages and alleges: "This suit is brought under the Act of 1920 known as the 'Suits in Admiralty Act.'"

Respondents excepted to libel on ground of insufficiency in these two particulars: (1) that it does not allege facts sufficient to constitute a cause of action under Suits in Admiralty Act of March 9, 1920, as amended; (2) that suit was not brought within two years after cause of action arose. They "pray that the libel be dismissed with costs."

The libel was filed October 4, 1949.

Said Act of March 9, 1920, is found in Title 46 U.S.C.A. chapter 20, entitled "Suits in Admiralty By or Against Vessels or Cargoes of United States." Section 745 thereof provides: "Suits authorized by this

chapter may be brought only on causes of action arising since April 6, 1917: *Provided,* That suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises".

█ This suit is governed by the two year statute of limitation. Keil v. United States, D.C.D.Md., 65 F.Supp. 431; Crescitelli v. United States, D.C.E.D.Pa., 66 F. Supp. 894, affirmed 3 Cir., 159 F.2d 377.

█ Libelant's first cause of action is for "maintenance, care and cure." It alleges that her intestate "between the 15th and the 20th days of June, 1946," while he was employed as a member of the crew of said steamship, "sustained an injury to his left foot in the course of and as a direct result of the performance of his duties as an ordinary seaman." The injury occurred more than two years before the libel was filed on October 4, 1948. In Keil v. United States, D.C., 65 F.Supp. 431, supra, the court said: "The libelant sues for injuries alleged to have been due to the negligence of the United States as owner of the merchant vessel 'John Lind', on which he was employed as a member of the crew in the capacity of an oiler. For a second cause of action he also sues for 'maintenance and cure'. In the libel in personam he alleges that the action from which his injuries ensued occurred on or about August 11, 1943. This libel was not filed until January 25, 1946 more than two years after the accident as averred in the libel (65 F.Supp. at page 432). * * * The suit here is expressly based on the Suits in Admiralty Act and it very definitely imposes a two-year limitation as the condition on which the United States has consented to be sued. (65 F.Supp. at page 432) * * * The exception to the libel must, therefore, be sustained." 65 F.Supp. at page 433.

See also Kakara v. United States, 9 Cir., 157 F.2d 578; Osbourne v. United States, D.C.S.D.N.Y., 74 F.Supp. 711; Sgambati v. United States, D.C.S.D.N.Y., 75 F.Supp. 18.

Libelant's first cause of action must therefore be dismissed.

█ The second cause of action alleges negligence not as causing the accident but in failure to furnish prompt and proper medical and surgical and proper relief. It realleges all the facts set forth in the first cause of action. The two causes of action are subject to the same disposition. Libelant's second cause of action must therefore be dismissed.

The third cause of action is for $50,000 based on intestate's death. It alleges that the injury occurred on June 20, 1946. It realleges all the facts previously set forth. Paragraph Fourth of the first cause of action alleges that intestate's death occurred on November 2, 1948, which was less than two years before the libel was filed. In Piascik v. United States, D.C.S.D.N.Y., 65 F.Supp. 430, 431, it is said: "Under this statute (The Suits in Admiralty Act) suit must be brought within two years after the cause of action arises, 46 U.S.C.A. § 745, that is, two years after death * * *." See also Crescitelli v. United States, 3 Cir., 159 F.2d 377, supra.

Libelant's right to sue respondents for the death of her intestate is derived from section 1291(a) of 50 U.S.C.A.Appendix. It does not specify when the cause of action for death accrues.

In 25 Corpus Juris Secundum, Death, § 54, p. 1160, it is said: "Under most statutes, by either express provision or judicial construction, the time within which the action must be brought runs from the time of decedent's death and not from the time of injury to him. This is the construction of statutes providing merely that the action shall be brought within a specified time, and, * * * of statutes providing for the action to be brought within a specified time after the cause of action accrues."

In Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566, it was held that under the Federal Employers' Liability Act, 45 U.S.C.A. § 56, "the cause of action which arises from death accrues at the time of death, and the two-year period of limitation then begins." 280 U.S. at page 495, 50 S.Ct. at page 183. Vide

Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. Under said Act the cause of action for death accrues at time of death and not at time of fatal injury. Dusek v. Pennsylvania R. Co., 7 Cir., 68 F.2d 131. Vide O'Neill v. Cunard White Star Limited, D.C.S.D.N.Y., 69 F.Supp. 943, 945. Section 130 of Decedent Estate Law of New York State, McK.Consol.Laws, c. 13, provides: "Such an action must be commenced within two years after the decedent's death."

For the reasons above stated, libelant's first and second causes of action must be and hereby are dismissed. The third cause of action must be sustained, if it alleges facts sufficient to constitute a cause of action.

Negligence must be proved under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. and Clarification Act, 50 U.S.C.A. Appendix, § 1291. Fraser v. United States, 1 Cir., 167 F.2d 141, 143. This case further holds that said sections "in effect make the Jones Act, 46 U.S.C.A. § 688, applicable in suits against the United States." 167 F.2d at page 141. The latter section does not mention negligence but it expressly extends to a seaman who has suffered injuries during course of his employment the right of action which Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., confers upon railway employees, and hence negligence is the basis of an injured seaman's action for damages. Armit v. Loveland, 3 Cir., 115 F. 2d 308, 311; Brittingham v. Ore S. S. Corporation, 4 Cir., 62 F.2d 616, 617; Stark v. American Dredging Co., D.C.E.D.Pa., 66 F.Supp. 296, 299; Shelton v. Seas Shipping Co., D.C.E.D.Pa., 75 F.Supp. 195, where it is said that negligence "is the gist of an action brought under the Jones Act." 75 F. Supp. at page 199.

The U. S. Supreme Court has held that the term "negligence" as used in Federal Employers' Liability Act is not to be given "a technically restricted meaning. It (the Act) is to be construed liberally to fulfill the purposes for which it was enacted and to that end the word may be read to include all the meanings given to it by court and within the word as ordinarily used." Jami-

son v. Encarnacion, 281 U.S. 635, 640, 50 S. Ct. 440, 442, 74 L.Ed. 1082.

Libelant's third cause of action alleges: "Twelfth: The libelant, by virtue of the statutes in such case made and provided, is vested with a cause of action or causes of action as Administratrix against the respondents for negligently causing the death of the decedent, Norman Halby."

This allegation is sufficient and her alleged third cause of action is sustained.

## On Motion for Reargument.

The facts of this case are fully stated in the opinion of this court dated January 13, 1950, which dismissed libelant's first and second causes of action but allowed the third. Respondents have moved for reargument to dismiss the entire libel. Libelant urges that the claim for maintenance and cure set forth in the first two causes of action is not barred by the statute of limitations because the obligation to pay it is continuous. For this proposition she relies on Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L. Ed. 368; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

Libelant's intestate was injured June 20, 1946, and died November 2, 1948. The libel was filed October 4, 1949. It alleges that libelant is the mother of deceased and was duly appointed administratix of his estate by Surrogate's Court of Erie County, New York, on November 18, 1948. It further alleges: "Thirteenth: The libelant filed a claim for damages for the afore-alleged injury and death, but this claim has not been administratively allowed * * *. Sixteenth: This suit is brought under the Act of 1920 known as the 'Suits in Admiralty Act'."

The time when said claim was filed is not alleged. Libelant, however, now asserts that the action was commenced on January 20, 1949, and that the statute of limitations does not defeat respondents' obligation to pay maintenance and cure from January 20, 1947, to November 2, 1948, the date of death.

■ The docket discloses that no process was served. The libel is dated and verified September 27, 1949, and was filed October 4, 1949. This is the date of the commencement of the action. Rule 1 of Admiralty Rules; Johnson v. Fleet Corporation, 280 U.S. 320, 325–326, 50 S.Ct. 118, 74 L.Ed 451; Benedict on Admiralty, 6th ed., Vol. 3, page 304.

Respondents excepted to the libel and prayed for its dismissal on the ground: "Second: That this suit was not brought within two (2) years after the cause of action set forth in the Libel arose."

In United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202, 213, 214, 48 S.Ct. 256, 258, 72 L.Ed. 531, it is said that the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., "furnishes a complete system of administration, applying to the United States and the corporations alike, by which uniformity is established as to venue, service of process, rules of decision and procedure, rate of interest, and periods of limitation; and not only provides that the judgments against the corporations, as well as those against the United States, shall be paid out of money in the Treasury, but repeals the inconsistent provisions of all other acts. In view of these provisions of the act we cannot doubt that it was intended to furnish the exclusive remedy in admiralty against the United States and the corporations on all maritime causes of action arising out of the possession or operation of merchant vessels. And nothing in its legislative history indicates a different purpose." This language is quoted with approval in Johnson v. Fleet Corp., supra, 280 U.S. at page 326, 50 S.Ct. 118, 74 L.Ed. 451; Vide Hust v. Moore-McCormack Lines, 328 U.S. 707, pages 716, 717, 720, 66 S.Ct. 1218, 90 L.Ed. 1534.

■ This makes irrelevant the three cases cited (supra) by libelant for they were not suits against the United States or its corporations but against private ship operators. "The limitation provision of the Suits in Admiralty Act is not only jurisdictional but in and of itself is a condition to the assertion of the right against the United States which it creates." Kruhmin

v. U. S. War Shipping Admin., D.C.E.D. Pa., 81 F.Supp. 689, 690. Vide Crescitelli v. United States, D.C.E.D.Pa., 66 F.Supp. 894, 896, affirmed 3 Cir., 159 F.2d 377.

The dismissal of libellant's first two causes of action is therefore affirmed because the libel was filed more than two years after the accident.

■ "Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period." Osbourne v. United States, 2 Cir., 164 F.2d 767, 768.

Vide Keil v. United States, D.C.D.Md., 65 F.Supp. 431, 433; Kakara v. United States, 9 Cir., 157 F.2d 578.

A more difficult question is raised by libelant's third cause of action brought for the death within two years after he died but more than two years after he was injured.

In 25 Corpus Juris Secundum, Death, § 54, it is said: "Under most statutes, by either express provision or judicial construction, the time within which the action must be brought runs from the time of decedent's death and not from the time of the injury to him." p. 1160.

In 8 Ruling Case Law, it is said: "The statutes that have been enacted in the different jurisdictions vary considerably in their phraseology, and there is a resulting diversity of opinion as to whether the period within which suit must be commenced is to be computed from the time of the injury, the date of decedent's death, or the time when a personal representative is appointed. The general and reasonable rule is that the statute runs from the time of the death and not from that of the injury." p. 803.

In Crescitelli v. United States, supra, 159 F.2d 377, where an administrator sued to recover for the death of his son, a seaman on a vessel owned by the United States, the court said: "Three federal

statutes are involved. The first is the Merchant Marine Act of 1920 (46 U.S.C.A. § 688), commonly called the Jones Act, plus the 1939 time limitation amendment to the Federal Employers' Liability Act (45 U.S. C.A. § 56) which is incorporated into the Jones Act. The second is the Suits in Admiralty Act (46 U.S.C.A. § 741). The third is the so-called Clarification Act (50 U.S.C.A.Appendix, § 1291)." 159 F.2d page 378.

The Jones Act, 46 U.S.C.A. § 688, provides in part that "in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

By the Clarification Act, 50 U.S.C.A. Appendix, § 1291, the rights under the Jones Act are extended to "officers and members of crews * * * employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration."

The Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-60, contains these provisions:

"§ 56. No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

"§ 59. Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

These last two sections were interpreted together in Rodgers v. Pennsylvania R. Co., D.C.E.D.N.Y., 19 F.2d 522, decided in 1927. The court held that the death action of a personal representative was barred where deceased lived more than two years, said section 56 then had a two-year limita-tion, after accident and brought no action for injury. This question was finally settled by the U. S. Supreme Court in the following case decided in 1931.

■ In Flynn v. N. Y., N. H. & H. R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311, decedent was injured in 1923 and died as a result thereof in 1928. In 1929, his executor brought an action under Federal Employers' Liability Act to recover damages for his death. His right of action for personal injuries had been barred by the statute before he died. Judgment of the lower court in favor of the railroad company was affirmed. The court said: "It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 70, 33 S.Ct. 192, 57 L.Ed. 417, Ann.Cas.1914C, 176." 283 U.S. page 56, 51 S.Ct. page 358, 75 L.Ed. 837, 72 A.L.R. 1311. In this last case, also brought under Federal Employers' Liability Act, the court said, 227 U.S. at page 70, 33 S.Ct. at page 196, 57 L.Ed. 417, Ann.Cas.1914C, 176: "But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury."

The question at bar is fully discussed in three annotations in 72 A.L.R. pp. 1313-1318, 167 A.L.R. pp. 894-911, 174 A.L.R. pp. 815-847. In the annotation following the text of the Flynn case it is said: "In the majority of jurisdictions it is held that the fact that the decedent had failed to bring his action for injuries within the limitation period is no bar to an action by his representative for the death resulting from the injury." 72 A.L.R. p. 1313.

In a later annotation it is said: "The Federal and certain of the state employer liability acts have been construed in such manner as to defeat any action for the death of an employee whose right of action to recover for his injuries was barred at the time of his death. The language of the

Federal Act, it will be observed, is very nearly explicit on the point, since it provides that the employee's right of action 'shall survive to his or her personal representative.'" 167 A.L.R. p. 897.

A similar interpretation has been made of section 130 of Decedent Estate Law of New York State, formerly section 1902 of the Code of Civil Procedure, which provides: "Such an action must be commenced within two years after the decedent's death." In Kelliher v. N. Y. C. & H. R. R. R. Co., 212 N.Y. 207, 105 N.E. 824, L.R.A.1915E, 1178, the intestate was injured in 1906 and died as a result thereof in 1912. Administratrix about six months thereafter sued to recover damages for his death. It was held she had no right to recover because, at the time of his death, intestate's right of action for his injuries had been barred by the 3-year statute of limitations. This conclusion was based on other provisions of the death statute. The court said: "By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued." 212 N.Y. page 212, 105 N.E. page 825, L.R.A.1915E, 1178. This ruling has been followed in later New York decisions.

Chapter 20 of 46 U.S.C.A. is entitled "Suits in Admiralty by or Against Vessels or Cargoes of United States." It was enacted March 9, 1920. Chapter 21 of 46 U.S.C.A., enacted March 30, 1920, is entitled "Death on the High Seas by Wrongful Act." Section 761 thereof provides in part: "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas * * * the personal representative of the decedent may maintain a suit for damages * * * for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

Section 763 of Chapter 21 then provides: "Suit shall be begun within two years from the date of such wrongful act, neglect, or default, unless during that period there has not been reasonable opportunity for securing jurisdiction of the vessel, person, or corporation sought to be charged; but after the expiration of such period of two years the right of action hereby given shall not be deemed to have lapsed until ninety days after a reasonable opportunity to secure jurisdiction has offered."

■ It is therefore clear that under this Chapter 21, enacted only a few days after the Suits in Admiralty Act, the Congress expressly made the statute of limitations begin to run from the date of accident and not from the date of death.

In Osbourne v. United States, 2 Cir., 164 F.2d 767, 768, involving injuries to a seaman employed as a crew member on defendants' vessel, the court said: "The question of whether the limitation period under the Suits in Admiralty Act or under the Jones Act should apply in this action does not concern us here, for if appellant's action is barred, it is barred under either statute. The question being moot, we do not pass upon it."

In the instant case, if the three year statute be applied, plaintiff's claims were not barred when he died November 2, 1948, less than three years after the accident of June 20, 1946. If the two year statute be applied, his claims were barred before he died.

■ Libellant expressly bases her suit on the Suits in Admiralty Act, which contains the two year statute of limitations. 46 U.S.C.A. § 745. This cannot be ignored, although her right to bring a death action is conferred by the Jones Act, 46 U.S.C.A. § 688, and the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. The pertinent statutes must be read together.

Libelant further relies on the recent decision in Thurston v. United States, 9 Cir., 179 F.2d 514. In that case, a third assistant engineer was injured by falling into an open hatch in engine room of steamship on July 10, 1946, but did not file his libel until August 4, 1948. On April 16, 1948, he had filed his written claim pursuant to 50 U.S.C.A.Appendix, § 1291, and 60 days had elapsed without notice of action thereon. The lower court denied recovery. In reversing and remanding, the Court of Ap-

peals said: "The question is whether a cause of action on the seaman's claim 'arises' (a) when the injury is received, and hence must be brought within two years thereafter under the Suits in Admiralty Act, or (b) arises upon the administrative disallowance of the claim required by the Clarification Act to be filed with the War Shipping Administration." 179 F.2d page 515. The court held that the claim did not mature into a cause of action until it was disallowed and further said: "The regulations make no time limit on the filing of a claim. The reason for such failure well may be that an apparently slight injury may not develop into a serious disqualification in the seaman's service till many months after he is hurt. Whatever may be the reason for the failure to regulate the time of the claim, we think the late date here, April 16, 1948, of which appellee makes no point, followed by the timely suit, does not prevent recovery." 179 F.2d page 516.

That action was expressly brought under the Clarification Act, 50 U.S.C.A.Appendix, § 1291 et seq. The instant action was expressly brought under the Suits in Admiralty Act, 46 U.S.C. § 741. The court, in its opinion, draws this distinction: "It is apparent that the provision for the disallowance of claims before beginning suit makes the seaman's right under the Clarification Act quite different from his right if employed on a 'privately owned' vessel or under the Suits in Admiralty Act. Seamen in the latter two cases have the right to file their libels as soon as injured. Under the Clarification Act they must wait until their claims are filed and disallowed." 179 F.2d page 515.

In the instant case, libelant alleges that she "filed a claim for the aforealleged injury and death, but this claim has not been administratively allowed." She does not allege when and where this claim was filed. She was not appointed administratrix until November 18, 1948, more than two years after date of accident.

Libelant's decedent never · brought suit under the Suits in Admiralty Act or filed any claim under the Clarification Act. In Rodinciuc v. United States, 3 Cir., 175 F.

2d 479, 481, it was held: "There is no doubt that Congress intended, by the Clarification Act, to grant a broad right of recovery against the United States. The purpose is also clearly expressed, however, to channel the seaman's claim first to the Administrator and then, from his adverse action, to the courts. The seaman has two years from the time of his injury to start suit. Within that two-year period he must file a claim with the Administrator, and if it is disallowed, the seaman may sue."

In the instant case no claim was filed until after decedent's death on November 2, 1948, more than two years after the accident which occurred June 20, 1946.

 Libelant's third cause of action must therefore be dismissed on the authority of Flynn v. N. Y., N. H. & H. R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A. L.R. 1311, supra. See further Francis v. Southern .Pac. Co., 10 Cir., 162 F.2d 813, 816; Pope v. McGrady Rodgers Co., D.C. W.D.Pa., 70 F.Supp. 780; Purvis, Admx. v. Luckenbach S. S. Co., D.C.S.D.N.Y., 1949 A.M.C. 1972.

Respondents may therefore have judgment dismissing the instant libel.