**SLOAND v. UNITED STATES et al.**

No. 2228.

United States District Court
W. D. New York.

Nov. 30, 1951.

Desmond & Drury, Buffalo, N. Y., for libelant.

Sanders, Hamilton, Dobmeier & Connelly, William M. Connelly, Buffalo, N. Y., and George L. Grobe, U. S. Atty., Buffalo, for respondents.

KNIGHT, Chief Judge.

Respondents have moved for summary judgment dismissing the libel. Although libelant states in her brief that respondents have instituted the wrong proceeding, she is willing to have this proceeding treated by the Court "on the merits" as though it were the proper proceeding in all respects.

The same parties were before this Court on a libel filed by libelant, October 4, 1949, based on the same facts, which libel was dismissed. 93 F.Supp. 83.

The libel in this suit was filed August 10, 1951.

From the papers now before this Court, it appears that libelant's intestate was employed on the Steamship John Martin Miller, as an ordinary seaman and was injured not later than June 20, 1946; that he died on November 2, 1948, as the result of such injury.

It now, for the first time, has been brought to the Court's attention that decedent had commenced an action for his injury against the Weyerhaeuser Steamship Company in the Supreme Court of the State of New York on May 10, 1948; that libelant was substituted as plaintiff November 18, 1948; and that the action was terminated by stipulation of the parties, signed September 6, 1949, upon which an order was granted by the Supreme Court, June 21, 1951, for dismissal of the action without costs and that "judgment be entered accordingly". The order further provided: "This dismissal is upon the sole ground that this action was improperly brought against the defendant (Weyerhaeuser Steamship Company) a corporation engaged by the United States to manage and conduct the business of a vessel owned or a bareboat chartered by the United States. The bringing of this action against the defendant was improper, because at the time of the alleged injury to the plaintiff's intestate the defendant was a general agent for the management of the vessel upon which he was injured which was owned by the United States and the defendant was not liable under the Jones Act for personal injuries negligently inflicted upon a member of the ship's crew."

No suit was commenced in this Court by libelant's intestate.

Prior to its amendment, Dec. 13, 1950, c. 1136, 64 Stat. 1112, the time limitation for the commencement of a suit in admiralty was two years. The amendment, Tit. 46 U.S.C.A. § 745, extends the time limitation for suits brought " * * * within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel; * * *."

The present libel is sought to be sustained by libelant on the ground that the amendment of Title 46 U.S.C.A. § 745 was enacted to cover the situation here. With such contention this Court cannot agree. Libelant's intestate lived more than two years after the date of his alleged injury on June 20, 1946, without having filed a libel against these respondents. The action commenced by decedent in the New York Supreme Court against Weyerhaeuser Steamship Company wherein this libelant was substituted as plaintiff does not bring the present libel within the amendment of Tit. 46 U.S.C.A. § 745. Compare Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968; Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

In the State of New York where the Court of Appeals was called upon to interpret the meaning of the Decedent Estate Law, McK. Consol. Laws, C. 13, the Court said in Kelliher v. New York Cent. & H. R. R. Co., 212 N.Y. 207, 212, 105 N.E. 824, 825, L.R.A.1915E, 1178.

"By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued."

And see Holmes v. City of New York, 269 App.Div. 95, 99, 54 N.Y.S.2d 289. For construction in United States Courts of similar limitation statutes see Crescitelli v. United States, 3 Cir., 159 F.2d 377; D.C., 66 F. Supp. 894; Kakara v. United States, 9 Cir., 157 F.2d 578.

The libel is dismissed and respondents may have judgment accordingly.