## PALUM v. LEHIGH VALLEY R. CO.
### Civ. A. No. 6683.

District Court, E. D. New York.

April 24, 1946.

Blank & Convisser and Morris Borden, all of Brooklyn (William A. Blank, of Brooklyn, of counsel), for plaintiff.

Alexander & Green, of New York City (William R. McDermott, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant for a bill of particulars. The notice of motion is in the following language:

"The defendant moves for an order directing plaintiff to file a more definite statement or bill of particulars of the following matter:

"1. In what respect or respects the plaintiff will claim that defendant was negligent.

"The ground of the motion is that the complaint alleges only that plaintiff was injured due to the negligence of defendant and its employees; that such matter is not

averred with sufficient definiteness or particularity to enable defendant to prepare its answer."

The action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover damages resulting from an alleged accident to the plaintiff while employed in interstate commerce. The second paragraph of the complaint states: "On August 21st, 1945, while the plaintiff, a fireman on one of the defendant's extra passenger trains No. 2101, was in the performance of his duties, near Shenandoah, Pennsylvania, he was struck by an overhead bridge and knocked to the deck of the tank of the locomotive tender as a result of which he received devastating and permanent personal injuries. The occurrence was due to the negligence of the defendant and its employees. The accident occurred while plaintiff and defendant's employees were acting in furtherance of Interstate Commerce, or any work directly or closely and substantially affecting the same."

The motion is not supported by an affidavit. Upon such motion there should at least be an affidavit by some one in authority showing the necessity for a more definite statement or a bill of particulars. That is lacking here.

However, aside from that requirement it would seem that the defendant should be able to answer without a detailed statement of the negligence. The allegation that the occurrence was due to the negligence of the defendant and its employees is sufficient. It states a claim upon which relief could be granted and, under the liberal policy provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is sufficient. See Dioguardi v. Durning, 2 Cir., 139 F.2d 774. The defendant should answer. It may obtain all of the information required by deposition and discovery and if it wishes to limit the proof it may have a pre-trial. That is one of the purposes of the pre-trial procedure. Upon the pre-trial the plaintiff could be required to particularize his cause of action and state in detail his claim of negligence.

Motion denied. Settle order on notice.