## QUILTY v. UNITED FRUIT CO. et al.

District Court, S. D. New York.

Sept. 23, 1946.

Jacob Rassner, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant and third party plaintiff.

Alexander & Ash, of New York City, for defendant, McNulty Shipyards, Ltd., appearing specially herein for the purpose of this motion, and which third-party defendant similarly appears specially herein.

HULBERT, District Judge.

The motion is for an order dismissing the third-party complaint against the third-party defendant upon the ground that it fails to allege a cause of action, "and for such other and further relief in the premises as to the court shall seem just and proper."

John Quilty commenced an action in this court under Special Rule for Seamen to sue without security or prepayment of fees for the enforcement of the Laws of the United States Common and Statutory for the Protection of the Health and Safety of Seamen at sea. See 28 U.S.C.A. § 837.

In his complaint he alleged that he was employed by the McNulty Shipyards, Ltd., engaged in maritime duties aboard the vessel known as the S. S. Johnston; that defendant was working under a General Agency Agreement with the War Shipping Administration of the United States of America, pursuant to the terms of which the defendant was obligated to keep and maintain said vessel in a seaworthy condition; that on or about the 1st day of December, 1944, while the plaintiff was engaged in the performance of his duties aboard said ves-

sel, and by reason of the carelessness, recklessness and negligence of the defendant in failing to provide the plaintiff with a reasonably safe place wherein to work, and to keep the vessel in a seaworthy condition by reason of the fact that a boiler casement door and its appurtenances were caused, allowed and permitted to become out of repair so that the door was kept open by a piece of rope, string, or other similar substance which was inadequate and unsafe and gave way suddenly, so that without any notice or warning said door came in forceful and violent contact with the person of the plaintiff, resulting in his suffering the injuries complained of, for which he seeks recovery of a substantial sum.

■ Manifestly, the plaintiff did not join McNulty against whom his remedy is under the United States Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The defendant United applied ex parte and obtained an order dated June 11, 1946, making McNulty a party to this action. Attached to this order was the third party complaint which alleges:

That on Dec. 2, 1944, pursuant to a written contract with United States of America, McNulty Shipyards, Ltd., was engaged as an independent contractor in making certain repairs on the steamship Johnston, lying at Pier 38, Brooklyn, New York. Said contract provides in part, as follows:

"(f) The Contractor shall place proper safeguards for the prevention of accidents * * * and use its best efforts to prevent accidents or injury to persons or property.

\* \* \* \* \* \*

"(m) The Contractor shall indemnify and save harmless the Government and its agencies and instrumentalities, the vessel, and the owner of the vessel, from all suits or actions and damages or costs of every name and description to which the Government and its agencies and instrumentalities, the vessel or the owner thereof may be subject or put by reason of injury (including death) to the person or property of another arising or growing out of the fault or negligence of the Contractor or any subcontractor, its or their servants, agents or employees."

Said third party complaint then sets forth the challenged allegation: "If said injuries were caused or contributed to by any fault or negligence other than that of plaintiff, the fault and negligence of McNulty Shipyards, Ltd., its agents, servants and employees in the course of performing its duties under such contract, caused or contributed to said injuries."

■ It is not necessary to determine whether the third party complaint sets forth a cause of action. That is for the trial court to decide. The question is, does the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c.

Brambir v. Cunard White Star Limited, D. C., 37 F.Supp. 906, cited by counsel for McNulty, has no application. That was an action in which plaintiff's husband died at sea and she predicated her right of recovery on the proposition that the defendant was under a duty to embalm the body of decedent and transport it to port; further, that defendant was under a duty to notify her of her husband's death.

Nor is Palum v. Lehigh Valley R. Co., D. C., 5 F.R.D. 216, to the point.

■ Brushing aside the technicality that the motion was not supported by an affidavit, Judge Moscowitz held that the defendant should be able to answer without a detailed statement of negligence. He held that a statement of the time and place of the accident and the manner in which it occurred stated a claim upon which relief could be granted under the liberal policy which should govern the construction of our Rules, citing Dioguardi v. Durning, 2 Cir., 139 F.2d 774. But no details are stated in the third party complaint and to charge the third party defendant with the necessity of recourse to the allegations contained in the plaintiff's complaint cannot have the sanction of this court.

Annexed to the Rules of Civil Procedure for the District Courts of the United States is a form, No. 22, 28 U.S.C.A. following section 723c, as an illustration, for aid in framing a third party complaint, which reads:

"1. Plaintiff A.B. has filed against defendant C.D. a complaint, a copy of which is hereto attached as 'Exhibit C'.

"2. (Here state the grounds upon which C.D. is entitled to recover from E.F., all or part of what A.B. may recover from C.D., or upon which A.B. is entitled to recover from E.F. and not from C.D. The statement should be framed as in an original complaint.)"

A pleading may require clarification because of the plaintiff's attempted over simplification of the statement of his claim just as the issues may be complicated by unnecessary verbosity.

It is felt that the better practice is to utilize form No. 22, as a guide.

Motion to dismiss granted, unless the third party plaintiff files and serves an amended complaint within ten days from the service of the order to be entered on this motion to be settled on notice.