**O'MALLEY et al.**
v.
**WYOMING NAT. BANK.**
Civ. No. 4786.

United States District Court,
M. D. Pennsylvania.
May 4, 1954.

Michael J. O'Malley, pro se.

Michael H. Sheridan, Wilkes-Barre, Pa., for defendant.

WATSON, Chief Judge.

In this action the defendant moved the Court to dismiss the action and in the alternative to require the plaintiffs to file a more definite statement.

The plaintiffs alleged in their complaint that during the period commencing December 1, 1948 and terminating December 15, 1949, plaintiffs in the course of business with the defendant bank made applications for loans in various amounts, which applications were approved and credit thereon given the plaintiffs. The plaintiffs further alleged that in applying credit to the plaintiffs on the applications, the defendant overcharged plaintiffs in the sum of $12,300 beyond the amount defendant was lawfully permitted to charge.

Defendant moved to dismiss plaintiffs' complaint averring that the action is barred by the Statute of Limitations. While such a motion is permitted under Rule 9(f) of the Federal Rules of Civil Procedure, 28 U.S.C., when the complaint shows that the statute has run,[1] such motion is not proper here. The plaintiffs do not aver in their complaint when the alleged overcharges were made and, therefore, the complaint on its face does not show that the statute has run.

The motion to dismiss the action must be denied.

Defendant has moved in the alternative to require plaintiffs to file a more definite statement. A motion for a more definite statement may be made but only if the information sought is necessary to frame a responsive pleading and not for the purpose of preparing for trial. It is not a proper remedy unless the adversary's pleading is so vague or ambiguous that a responsive pleading cannot reasonably be framed. Since an averment of time is material, the plaintiffs should have averred when the alleged overcharges were made. The complaint is vague and ambiguous in that respect and in other respects to such an extent that a responsive pleading cannot reasonably be framed.

For these reasons the motion for a more definite statement must be granted, and an appropriate order will be filed herewith.

1. DiSabatino v. Mertz, D.C., 82 F.Supp. 248; Stofey v. U. S., D.C., 87 F.Supp. 81.