HEINTZ & CO., Inc., Plaintiff,

v.

PROVIDENT TRADESMENS BANK AND TRUST COMPANY, Defendant and Third-Party Plaintiff,

v.

Donald M. KERR, Donald M. Kerr, Inc. and Suburban Marketers, Inc., Third-Party Defendants.

Civ. A. No. 29951.

United States District Court E. D. Pennsylvania.

Dec. 7, 1961.

Francis E. Shields and Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

William T. Campbell and Swartz, Campbell & Henry, Philadelphia, Pa., for defendant and third-party plaintiff.

Thomas Erskine, Philadelphia, Pa., for third-party defendant.

LUONGO, District Judge.

Before the Court for consideration are motions of the third party defendants,

Donald M. Kerr, Donald M. Kerr, Inc. and Suburban Marketers, Inc.

(1) to dismiss the third party complaint under Fed.Rules Civ.Proc., Rule 12(b) 28 U.S.C.A., and

(2) for a more definite statement under Rule 12(e).

The original complaint was instituted by Heintz & Co., Inc. against the defendant, Provident Tradesmens Bank and Trust Company (Bank), alleging a negligent failure on the part of Bank to observe "accepted banking practices" in its dealings with Donald M. Kerr, plaintiff's Philadelphia office manager. The complaint alleges that Bank permitted Kerr to open an account in plaintiff's name, to deposit therein checks payable to plaintiff and to draw checks thereon, all without knowledge or authority of plaintiff. Bank answered the complaint and then sought, and was granted, permission to bring in Kerr and the two above-named corporations as third party defendants. The third party complaint, which has attached to it a copy of the original complaint, alleges that Donald M. Kerr, an employee of the plaintiff, endorsed, deposited and/or signed checks referred to in various of the paragraphs of the complaint. While denying liability to plaintiff, Bank concludes the third party complaint with the assertion that Kerr and the two corporate third party defendants are liable over to it for the entire amount of any verdict that may be recovered against Bank.

The crux of third party defendants' motions is that third party complaint does not state a claim in sufficiently clear terms to enable third party defendants to frame a responsive pleading. The proper procedure for raising such an objection is by motion for a more definite statement. Fedorchak v. Montgomery Ward, 18 F.R.D. 1 (D.C.M.D.Pa.1955).

Rule 8(a) (2) requires a pleading (including third party pleadings) setting forth a claim for relief to contain a short and plain statement of the claim and of the grounds which will enable the pleader to recover. We are mindful of the requirement of liberality in construing pleadings, nevertheless we find the third party complaint fatally obscure. The third party plaintiff has not set forth either the acts or omissions on which it relies nor the theory it advances as a basis for liability over against the third party defendants who justifiably protest their inability to frame an answer. O'Malley v. Wyoming Nat. Bank, 15 F.R. D. 457 (D.C.M.D.Pa.1954); Pacific Fire Ins. Co. v. Dunmire, 13 F.R.D. 93 (D.C. W.D.Pa.1952); 1A Barron & Holtzoff, Fed.Prac. & Proc. 425–428 (1960).

This defect is not remedied by the equally defective incorporation by reference of certain paragraphs and exhibits of the original complaint. Texas Water Supply Corp. v. Reconstruction Finance Corp., 204 F.2d 190 (5 Cir., 1953); Quilty v. United Fruit Co., 6 F.R.D. 216 (D.C. S.D.N.Y.1946); Moore's Federal Practice, Par. 14:18 (2d ed. 1948).

While Rule 10(c) specifically authorizes adoption by reference in a later pleading of matter (including exhibits) contained in previous pleadings, it must be done with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation. Aktiebolaget Stille-Werner v. Stille-Scanlan, 1 F.R.D. 395 (D.C.S.D. N.Y.1940). That degree of clarity was not afforded by reference, in the instant third party complaint, to certain paragraphs of the original complaint without indicating to what extent the allegations of the original complaint were being adopted and incorporated by reference. Moreover, even at this stage of the proceedings it is doubtful that Bank's right over, if any, could be bottomed on the same theory as plaintiff's claim against it, i. e. failure to observe "accepted banking practices". If that is Bank's theory, it should say so clearly. If it is not, Bank should frame its claim in terms sufficiently specific as to apprise third party defendants of the nature of the claim they are being called upon to answer.

While, in the present posture of the pleadings, it would appear that the third party complaint does not state a claim upon which relief can be granted, since that failure may be cured by the more definite statement which we are requiring of third party plaintiff, we will deny the motion to dismiss under Rule 12(b) without prejudice, however, to a renewal of such motion after the third party plaintiff shall have complied with the order to file a more definite statement.