Mary MUTH et al., Plaintiffs,

v.

DECHERT, PRICE & RHOADS, et al., Defendant-Third-Party Plaintiffs,

v.

George I. BLOOM et al., Third-Party Defendants.

Civ. A. No. 74–1931.

United States District Court, E. D. Pennsylvania.

March 14, 1975.

Theodore R. Mann, Mann & Ungar, Philadelphia, Pa., for plaintiffs.

J. Bruce McKissock, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant Dechert, Price & Rhoads.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant Main, LaFrentz & Co.

Frederick Taylor, pro se.

Aaron M. Fine, Allen D. Black, Harold E. Kohn, P. A., Philadelphia, Pa., for third party defendants.

## OPINION

DAVIS, Senior District Judge.

### I. STATEMENT OF THE CASE

Plaintiffs are shareholders who have brought a class action against Dechert, Price & Rhoads ("Dechert"), Main, LaFrentz & Co. ("Main, LaFrentz") and Frederick Taylor ("Taylor") arising out of the sale of the stock of United Municipal Incinerator Corporation ("UMIC"), subsequently Scienscope, during the period February 11, 1969 to December 2, 1970. The defendants are a law firm (Dechert), an accounting firm (Main, LaFrentz), and an individual attorney (Taylor), all of whom are alleged to be liable for violation of § 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b) and Rule 10(b)–5 promulgated thereunder.

The defendants have filed answers denying liability and served Third-Party Complaints on a number of individuals and corporations named as defendants in Oberholtzer v. Scranton, E.D.Pa., 59 F.R.D. 572. Third-Party Complaints have been served by Dechert and Main, LaFrentz on Hess, Grant & Frazier, William Hess, Helen Harden and purportedly served on Francis Laughlin; purportedly served by Main, LaFrentz on George Remington; and served by Taylor on Hess, Grant & Frazier, William Hess and James Grant.

All of the above Third-Party Defendants ("Hess, Grant Defendants") have moved to dismiss the Third-Party Complaints for failure to state a claim upon which relief can be granted, and on the additional basis that these Third-Party claims are precluded by a prior settlement in the Oberholtzer case. Laughlin and Remington have also moved to set aside service of process on them and to dismiss for lack of jurisdiction over the person. In view of our disposition of the first theory that the Third Party Complaints failed to state a claim upon which relief can be granted, we need not resolve the other two issues.

Each of the Third-Party Complaints states that paragraph 5 of the Plaintiffs' Complaint alleges that each of the Defendants (Third-Party Plaintiffs) is sued as "a co-conspirator with and as an aider and abettor of the other defendants named herein and others named as defendants in Oberholtzer, et al. v. Scranton, et al. . . ."

The Third-Party Complaint of Dechert alleges that "if plaintiffs should prove some or all of the allegations contained in paragraph 5 of their Complaint and such acts are found to be illegal and to give rise to liability to the plaintiffs and/or members of the class . . ." the Third-Party Defendants are liable to Dechert for indemnity or contribution. The Third-Party Complaint of Main, LaFrentz alleges the same in substance.

The Third-Party Complaint of Taylor also seeks contribution or indemnity alleging that: "During the period that he was performing legal services for United Municipal Incinerator Corporation, the Third-Party Defendants did individually, severally, jointly and by conspiracy among themselves, mislead and misinform the Third-Party Plaintiff, Frederick Taylor, as to their intentions, motives and acts, and did by themselves and acting through the officers of the United Municipal Incinerator Corporation prevent the Third-Party Plaintiff Frederick Taylor from acting effectively as an attorney for United Municipal Incinerator Corporation."

### II. FAILURE TO STATE A CLAIM

The Third-Party Complaints are all predicated upon the allegations in

paragraph 5 of the Plaintiffs' Complaint that each of the Defendants herein (Third-Party Plaintiffs) is sued as "a co-conspirator with and as an aider and abettor of the other defendants named herein and others named as defendants in Oberholtzer, et al. v. Scranton, et al. . . ." Although reference is made to the *Oberholtzer* case at several points in the present Complaint and Third-Party Complaints, nowhere is it incorporated by reference, or physically attached to the pleadings. Nor has the *Oberholtzer* case been consolidated with this case. Accordingly, when determining the sufficiency of the Third-Party Complaints, we can look only to the pleadings in this case, and not in *Oberholtzer*. Heintz & Co. v. Provident Tradesmen's Bank & Trust Co., 29 F.R.D. 144 (E.D. Pa.1961), per Luongo, J.; Texas Water Supply Corp. v. Reconstruction Finance Corp., 204 F.2d 190, 196–7 (5th Cir. 1953)'; Fletcher v. Nostadt, 205 F.2d 896 (4th Cir. 1953), cert. denied 346 U. S. 877, 74 S.Ct. 126, 98 L.Ed. 385, reh. denied, 346 U.S. 913, 74 S.Ct. 238, 98 L. Ed. 409; Henry v. United States Trucking Corporation, 161 F.Supp. 67, 70 (D. N.J.1958); 2A Moore's Federal Practice, Para. 10:05.

■■ In the Third-Party Complaints of both Dechert and Main, LaFrentz, these bare statements of aiding and abetting are the only support for their conclusory allegations that the Hess, Grant Defendants are liable for indemnity or contribution. Apart from the failure to incorporate the *Oberholtzer* Complaint by reference, these bare statements show no nexus or connection between the alleged wrongdoing and these Third-Party Defendants. Conclusory allegations of aiding and abetting are insufficient in a Securities case. Landy v. F. D. I. C., 486 F.2d 139, 162–164 (3d Cir. 1973), cert. denied, 416 U. S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974). This proposition is no more than a specific instance of the general principle, set forth in Rule 9(b) of the Federal Rules of Civil Procedure, that the circumstances constituting fraud or mistake must be pleaded with particularity. The failure of these Third Party Plaintiffs to allege violations of the Securities Laws with particularity renders their complaints insufficient. Segal v. Gordon, 467 F.2d 602 (2d Cir. 1972); Reiver v. Photo Motion Corp., 325 F. Supp. 214 (E.D.Pa.1971), per Becker, J.; Washburn v. Madison Square Garden Corp., 340 F.Supp. 504, 507 (S.D.N.Y. 1972).

■ It should be noted that under our system of notice pleading, a complaint need not allege all the *facts* to show liability, but it must allege all the *theories* to show liability.

■ It must contain a short and plain statement of the claim showing that the pleader is entitled to relief. B & B Investment Club et al. v. Kleinert's Inc. et al., 381 F.Supp. 569 (E.D.Pa. 1975), per Cahn, J.

■ In the Third-Party Complaint of Taylor, as stated, there is the additional allegation in Paragraph 5 as follows:

5. During the period that he was performing legal services for United Municipal Incinerator Corporation, the third party defendants did individually, severally, jointly and by conspiracy among themselves, mislead and misinform the third party plaintiff, Frederick Taylor, as to their intentions, motives and acts, and did by themselves and acting through the officers of the United Municipal Incinerator Corporation prevent the third party plaintiff Frederick Taylor from acting effectively as an attorney for United Municipal Incinerator Corporation.

However, this additional allegation does not add sufficient information to remedy the aforementioned deficiencies. This Third-Party Plaintiff, Mr. Taylor, has not aided our interpretation of his complaint, in that, although he is an attorney, he never bothered to answer the Third-Party Defendant's present Motions to Dismiss this Complaint.

Accordingly, all three Third-Party Complaints will be dismissed without prejudice to the rights of the defendants (Third-Party Plaintiffs) to file amended Complaints.

## III. SETTLEMENT AS A BAR TO INDEMNITY OR CONTRIBUTION.

In view of our holding that these three Third-Party Complaints fail to state a claim, we could avoid the question of whether or not a cause of action against the Hess, Grant Defendants would be barred by the Settlement agreement in the *Oberholtzer* case between the present plaintiffs and the Hess, Grant Defendants. However, we will tackle this question, not only because it has already been briefed by counsel, but also to give guidance to counsel in amending their Third-Party Complaint.

In the *Oberholtzer* case, the Order approving the settlement between the plaintiffs and the Hess, Grant Defendants was specifically entered without prejudice to the cross-claims of the non-settling defendants in that case. *A fortiori*, if the claims of the non-settling defendants in the *Oberholtzer* case are preserved by the settlement, the rights of the defendants in the present case, who were not parties to the *Oberholtzer* case and received no notice of the settlement, cannot be prejudiced by that settlement.

A similar result was reached in the case of Altman v. Liberty Equities Corp., 54 F.R.D. 620 (S.D.N.Y.1972). In that case, the Court refused to approve a settlement provision barring the non-settling defendants from prosecuting against the settling defendants any claims for indemnity or contribution. In doing so, the Court correctly held inapplicable the case of Gomes v. Broadhurst, 394 F.2d 465 (3d Cir. 1967), relied on by the Third-Party Defendants in the case at bar. Accordingly, we hold that claims for contribution or indemnity against the Hess, Grant Defendants, if properly set out in adequate Third-Party Complaints, would not be barred by the settlement in the *Oberholtzer* case.

However, there are special problems in setting out a claim for indemnity, as contrasted with a claim for contribution. To obtain indemnity, an unsuccessful defendant must show that the proposed indemnitor is significantly more responsible than he for the injury to the plaintiffs. Indemnity is not available where the culpability is approximately equal; only contribution is available. Gould v. American-Hawaiian S.S. Co., 387 F.Supp. 163 (D.Del., 1974); Globus v. Law Research, Inc., 418 F.2d 1276, 1287 (2d Cir. 1969), cert. denied, 397 U.S. 913, 90 S.Ct. 913, 25 L. Ed.2d 93 (1970); deHaas v. Empire Petroleum Co., 286 F.Supp. 809 (D.Colo. 1968), modified on other grounds, 435 F.2d 1223 (10th Cir. 1971); Handel-Maatschappij v. Faradyne Electronics Corp., 37 F.R.D. 357 (S.D.N.Y.1964). For a particularly good treatment of this topic, we refer counsel to Ruder, "Multiple Defendants in Securities Law Fraud Cases: Aiding and Abetting, Conspiracy, In Pari Delicto, Indemnification, and Contribution," 120 U.Pa.L. Rev. 597, 646 (1972).

## ORDER

And now, this 14th day of March, 1975, for the reasons stated in Part II of this Opinion, it is hereby ordered that the Third-Party Complaints of Dechert, Price & Rhoads and Main, LaFrentz, & Co., against Hess, Grant, & Frazier, William Hess, Helen Harden, Francis Laughlin and George Remington; and the Third-Party Complaint of Frederick Taylor against Hess, Grant, & Frazier, William Hess, and James Grant, are all dismissed without prejudice to the rights of the defendants (Third-Party Plaintiffs) to file amended Third-Party Complaints. The defendants (Third-Party Plaintiffs) shall have leave to amend their Complaints until April 30, 1975.